KAMALA D. HARRIS
Attorney General of California
RONALD S. MATTHIAS
Senior Assistant Attorney General
ALICE B. LUSTRE
Deputy Attorney General
SHARON WOODEN
Deputy Attorney General
State Bar No. 108709
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5966
Fax: (415) 703-1234
E-mail: Sharon.Wooden@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **DELANEY GERAL MARKS,** Petitioner, | CV 11-2458 LHK |
| | DEATH PENALTY CASE |
| **v.** | ~~(PROPOSED)~~ **ORDER FOLLOWING INITIAL CASE MANAGEMENT CONFERENCE** |
| **MICHAEL MARTEL, Warden of California State Prison at San Quentin,**[1] Respondent. | Date: February 17, 2012<br>Time: 2:00 p.m.<br>Courtroom: Courtroom Eight |

This matter came on for the initial Case Management Conference ("CMC") on February 17, 2012 at 2:00 p.m., in the above-entitled Court, the Honorable Lucy H. Koh, presiding. Petitioner Delaney Geral Marks was represented by his appointed counsel of record, the California Habeas Corpus Resource Center ("HCRC"), appearing specifically through Gary D. Sowards. Respondent Kevin Chapelle, as Acting Warden of San Quentin State Prison, was represented by

[1] Kevin Chappelle, as Acting Warden of San Quentin, is substituted as the Respondent in this case pursuant to Federal Rule of Civil Procedure 25(d).

his counsel of record, the California Attorney General, appearing specifically through Deputy Attorneys General Sharon Wooden and Alice Lustre.

Pursuant to an order filed May 24, 2011 (ECF No. 2) the parties were instructed to meet and confer and thereafter file a proposed litigation schedule, as well as a joint statement regarding any other issues they wished the Court to address, at least seven days prior to the date for the CMC. On February 7, 2012, the parties filed the Parties' Joint Proposed Litigation Schedule and Statement of Issues for Case Management Conference. ("Proposed Schedule," ECF No. 8.) During the CMC, respondent's counsel provided additional information regarding the estimated time for lodging the state-court record pursuant to Habeas Corpus Local Rule 2254-27.

Based upon the parties' Proposed Schedule, counsel's responses to the Court's questions at the CMC, and GOOD CAUSE appearing, the Court adopts the following litigation schedule:

1. Respondent shall complete the lodging of the record pursuant to Habeas L.R. 2254-27 by March 30, 2012;
2. Within thirty (30) days of the filing of this Order, petitioner shall file a notice regarding exhausted claims, identifying where in the record each claim was exhausted;
3. If respondent contends that any claims in the petition are unexhausted and declines to waive exhaustion, the parties will meet and confer regarding respondent's contention;
4. If the parties cannot resolve the disputed exhausted status of any claim, then within forty-five (45) days from the date petitioner files the notice regarding exhausted claims, respondent shall file a motion to determine the status of any disputed claim; and the parties shall file a joint statement in accordance with Habeas Corpus Local Rule 2254-28(c)(1)-(3);
5. Respondent shall file an answer to the petition within forty-five (45) days from the date petitioner files the notice regarding exhausted claims, or within such time as the Court may order if respondent files a motion to determine the exhausted status of any claim;

6. Petitioner shall file a traverse within thirty (30) days from the date respondent files the answer;

7. The Court will conduct a further Case Management Conference on Wednesday, July 11, 2012, at 2:00 p.m.;

8. No later than seven (7) days prior to the further Case Management Conference, the parties, through counsel, shall file a joint statement regarding the parties' position as to the status of claims subject to procedural default; and the scheduling of motions for evidentiary hearing, summary judgment, or other pleadings or motions necessary to resolve the petition; and

9. In the event the contingencies described in numbers 3-5, above, make it impracticable to conduct a Case Management Conference on July 11, 2012, or for other good cause, the parties may stipulate to a proposed date for scheduling the further CMC on a Wednesday afternoon consistent with the Court's availability.

**It is so Ordered.**

DATED: 2/28/12

Lucy H. Koh
LUCY H. KOH
United States District Judge

Submitted by:

/s/ Sharon Wooden

By: SHARON WOODEN
Counsel for Respondent
Kevin Chappelle

Parties should do future case management orders all jointly. Thank you.

SF2011201424
40536945.doc